Justice Ginsburg,
concurring.
In Superintendent, Mass. Correctional Institution at Walpole v. Hill, 472 U. S. 445, 455 (1985), this Court held that, to comply with due process, revocation of a prisoner’s good time credits must be supported by “some evidence.” If California law entitled prisoners to parole upon satisfaction of specified criteria, then Hill would be closely in point. See In re Rosenkrantz, 29 Cal. 4th 616, 657-658, 59 P. 3d 174, 205 (2002). The Ninth Circuit, however, has determined that for California’s parole system, as for Nebraska’s, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U. S. 1 (1979), is the controlling precedent. Hayward v. Marshall, 603 F. 3d 546, 559-561 (2010) (en banc). Given that determination, I agree that today’s summary disposition is in order.